# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

**FRANKLYN COPE** and **REBECCA COPE**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**PARKING REVENUE RECOVERY SERVICES, INC.**, a Colorado corporation, and **BEYER & ASSOCIATES, LLC**, a Colorado limited liability company,

    Defendants.

## CLASS ACTION COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

1. Plaintiffs Franklyn Cope and Rebecca Cope bring this suit on behalf of themselves and Classes of similarly situated consumers across the nation to challenge Defendant Parking Revenue Recovery Services, Inc.'s ("PRRS") and Defendant Beyer & Associates, LLC's ("Beyer") (collectively "Defendants") unlawful debt collection practices.

2. PRRS is a parking collection service company which claims to have clients in forty-five (45) cities across North America. PRRS is headquartered at 12381 E. Cornell Avenue, Aurora, Colorado 80014.

3. Beyer is a law firm which is headquartered at the same address as PRRS and, on information and belief, operates as a unit of PRRS. PRRS's website lists Cynthia M. Beyer on

1

the "Our Team" page and states "Cynthia M. Beyer, Lead Counsel. Cynthia through her Law Firm, Beyer & Associates began working with PRRS in November, 2019, and in this capacity sends out thousands of attorney collection letters on behalf of PRRS's clients." (https://www.parkingprrs.com/projects/) (last visited June 17, 2020).

4. Unfortunately for consumers nationwide, Defendants engage in abusive, deceptive, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Colorado Fair Debt Collection Practices Act ("CFDCPA").

5. Thus, Plaintiffs bring this lawsuit to stop Defendants' practices and to obtain redress for all persons injured by their conduct. Plaintiffs, for their Class Action Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, which is a federal statute. This Court has supplemental subject-matter jurisdiction over the ancillary and pendent state law claim under 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as unlawful practices are alleged to have been committed in and/or emanated from this District, Defendants regularly conduct business in this District, Defendants are headquartered in this District, and Plaintiffs reside in this District.

## PARTIES

8. Plaintiffs are natural persons and citizens of the State of Colorado. Plaintiffs reside in Pueblo, Colorado.

9. Parking Revenue Recovery Services, Inc. is a Colorado corporation with its principal place of business at 12381 E. Cornell Avenue, Aurora, Colorado 80014.

10. Beyer & Associates, LLC is a Colorado limited liability company with its principal place of business at 12381 E. Cornell Avenue, Aurora, Colorado 80014.

## FACTUAL BACKGROUND

11. This lawsuit began over a $3.00 parking charge. That is, Plaintiffs' daughter parked a vehicle registered to Plaintiffs at "ABM Parking Lot 8014" in Cleveland, Ohio on February 8, 2020.

12. Plaintiffs' daughter paid $3.00 to park, entered the lot, went about her business, returned to her vehicle, and exited the lot. This should have been the end of a minor, ordinary transaction.

13. Instead, Plaintiffs received a letter from Defendants on March 26, 2020. A true and accurate copy of this letter is attached hereto as Exhibit A.

14. The March 26, 2020 letter was a collection notice sent to Plaintiffs in the amount of $50.00. The letter stated that "This law firm represents the above Creditor and Parking Revenue Recovery Services, Inc." concerning the PARKING NOTICE and BALANCE DUE which is IN COLLECTION." (*See* Ex. A.)

15. The Violation cited was "No Payment Found" for the February 8, 2020 transaction.

16.     On April 15, 2020, Plaintiffs responded to Defendants' letter to dispute the charge and stated in relevant part "We paid for our parking in the ABM Cleveland lot on 02/08/2020 using our credit card and we have investigated that the correct $3.00 charge appears on our credit card statement. It is unreasonable that you make a fallacious demand almost two months after the alleged event. We do not owe the $50.00 Balance Due that you show because our $3.00 parking was properly paid by credit card 'ABM PARKING LOT 8014 CLEVELAND OH" on 02/08/2020'. We request that you adjust your records accordingly" A true and accurate copy of this letter is attached hereto as Exhibit B.

17.     A redacted version of Plaintiffs' daughter's credit card statement evidencing the payment is attached hereto as Exhibit C.

18.     Despite Plaintiffs' letter and credit card statement evidencing that payment was made and no amount is due, Defendants sent another letter on May 4, 2020. A true and accurate copy of this letter is attached hereto as Exhibit D.

19.     Defendants' May 4, 2020 letter contained the subject line "No Payment" and stated in part that "the lot attendant was unable to verify prepayment for parking . . . the notice is upheld in the amount of $50.00 . . .please provide a copy of the original receipt from the kiosk or from a mobile app. Bank and Credit Card statements are not accepted as proof of payment to park. . .If you choose not to pay this notice, our firm will determine what further action to take. Further action could include the parking company booting and/or towing your vehicle." (*See* Ex. D.)

20.     Additionally, the May 4, 2020 letter contained an attached "Verification of Debt" page. In the "Notice Details" section of this attachment, there are two separate $25.00 "No

4

Payment Found" alleged violations, one on February 8, 2020 and one on February 22, 2020. (*See* Ex. D.) Stated another way, despite both letters from Defendants only addressing an alleged violation on February 8, 2020 (which, again, Plaintiffs paid for and provided proof of payment in the form of a credit card statement), Defendants were actually also seeking to collect for a separate violation supposedly occurring on February 22, 2020, for which no details have been provided. This "aggregate debt disclosure" confuses consumers regarding the nature and amount of the debt supposedly owed.

## CLASS ALLEGATIONS

21. Plaintiffs repeat and re-allege every allegation above as if set forth herein in full. This class action is brought by Plaintiffs on behalf of nationwide Classes defined as follows:

> **Aggregate Debt Notice Class**: All persons from one year prior to the date the initial complaint was filed in this case through the date notice is disseminated who Defendants sent a collection notice substantially similar to Exhibit A which contained an aggregate debt notice.
>
> **Threatened Property Confiscation Class:** All persons from one year prior to the date the initial complaint was filed in this case through the date notice is disseminated who Defendants sent a collection notice, who disputed the debt within thirty (30) days thereafter, and who then received a letter from Defendants substantially similar to Exhibit D.
>
> **Credit Card Statement Class:** All persons from one year prior to the date the initial complaint was filed in this case through the date notice is disseminated who Defendants sent a collection notice, who disputed the debt within thirty (30) days thereafter and provided proof of payment in the form of a bank or credit card statement, and who thereafter were told by Defendants that "Bank and Credit Card statements are not accepted as proof of payment to park".
>
> **Colorado Subclass:** All members of the Aggregate Debt Notice Class, the Threatened Property Confiscation Class, and/or the Credit Card Statement Class who reside in the State of Colorado.

Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; and (4) the legal representatives, successors or assigns of any such excluded persons. Plaintiffs anticipate that amending the Class Definitions may become necessary following additional discovery.

22. Plaintiffs sue on their own behalf and on behalf of the above-defined Classes under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

23. Plaintiffs do not know the exact size or identities of the members of the proposed Classes, since such information is in the exclusive control of Defendants.

24. Plaintiffs believe that the Classes encompass hundreds, if not thousands, of individuals whose identities can be readily determined from Defendants' books and records.

25. All members of the respective Classes have been subject to and affected by the same conduct. The claims are based on form notices and uniform corporate practices. There are questions of law and fact that are common to the respective Class members that will generate common answers and that are subject to common proof, and predominate over any questions affecting only individual members of the Classes. These questions include, but are not limited to the following:

    a. Whether Defendants' practice of sending aggregate debt notices violates the FDCPA and the CFDCPA;

    b. Whether Defendants had the right and/or the intention to boot or tow vehicles at the time it threatened to take such action;

6

      c.      Whether it is an unfair practice to refuse to accept bank and/or credit card statements as proof of payment;

      d.      Whether Defendants satisfied its obligations under the FDCPA;

      e.      Whether Plaintiffs and the other Class Members have suffered damages; and

      h.      Whether Defendants' conduct with respect to Plaintiffs and the other members of the Classes Members can be enjoined as to all of them such that injunctive relief and corresponding declaratory relief are appropriate.

26.    Plaintiffs' claims are typical of the claims of the Classes and do not conflict with the interests of any other members of the Classes in that both the Plaintiffs and the other members of the Classes were subject to the same conduct, received the same notices, relied on and were subject to the same corporate practices.

27.    Plaintiffs will fairly and adequately represent the interests of the Classes, are committed to the vigorous prosecution of the claims, and have retained attorneys who are qualified to pursue this litigation and have experience in class actions.

28.    This putative class action meets both the requirements of Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3).

29.    The Defendants have acted or refused to act on grounds that apply generally to the Classes so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

30.    Common issues predominate and are central to the litigation over any perceived individual issues. A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

**COUNT I**
**Violation of the FDCPA 16 U.S.C. 1692, *et. seq.*** 
**(On behalf of Plaintiffs Individually and the Aggregate Debt Notice Class)**

31. Plaintiffs re-allege and incorporate the above allegations as if set forth fully herein.

32. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Aggregate Debt Notice Class.

33. Plaintiffs are "consumers" within the meaning of FDCPA § 803(3) because they are natural persons who are allegedly obligated to pay a debt.

34. Defendants each constitute a "debt collector" within the meaning of the FDCPA § 804(6) because their principal business is the collection of debts.

35. The FDCPA requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

*See* FDCPA § 809(a). This notice is commonly referred to as a "Validation Notice."

36. Under FDCPA § 809(a)(1), "amount of the debt" "refers to amount past due currently sought by debt collector, not consumer's overall balance with creditor." *Barnes v. Advanced Call Ctr. Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007); *see also Huckfeldt v. BAC Home Loans Servicing, LP*, No. 10-CV-01072-MSK-CBS, 2011 WL 4502036 (D. Colo. Sept. 29, 2011) ("The statute requires . . . an identification of the original creditor, the current creditor claiming to own the debt, and the amount of the debt in arrears.").

37. Through the use of an aggregate debt disclosure, Defendants have failed to satisfactorily identify the amount of the debt in a matter that would not confuse consumers and have deceptively and misleadingly represented the amount of the debt. Such actions violate the requirements of FDCPA § 809(a)(2) and § 807.

38. Plaintiffs, on behalf of themselves and the members of the Aggregate Debt Notice Class, seeks declaratory judgment that Defendants' actions violate the FDCPA, the maximum statutory damages provided under the FDCPA, actual damages, plus costs and attorneys' fees.

**COUNT II**
**Violation of the FDCPA 16 U.S.C. 1692,** *et. seq.*
**(On behalf of Plaintiffs Individually and the Threatened Property Confiscation Class)**

39. Plaintiffs re-allege and incorporate the above allegations as if set forth fully herein.

40. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Threatened Property Confiscation Class.

41. FDCPA § 808(6)(A-C) states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . the following conduct is a violation of this section . . . [t]aking or threatening to take any nonjudicial action to effect

dispossession or disablement of property if – (A) there is no present right to take possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

42. Similarly, FDCPA § 807(5) makes it unlawful to use a false, deceptive, or misleading representation in connection with the collection of any debt, including "the threat to take any action that cannot legally be taken or that is not intended to be taken."

43. Defendants violated this provision by sending letters to Plaintiffs and the Class stating "If you choose not to pay this notice, our firm will determine what further action to take. Further action could include the parking company booting and/or towing your vehicle."

44. Defendants had no right to boot and/or tow the vehicles of Plaintiffs and the Class, and had no intention to do so.

45. Plaintiffs, on behalf of themselves and the members of the Threatened Property Confiscation Class, seeks declaratory judgment that Defendants' actions violate the FDCPA, the maximum statutory damages provided under the FDCPA, actual damages, plus costs and attorneys' fees.

## COUNT III
### Violation of the FDCPA, 16 U.S.C. 1692, *et. seq.*
### (On behalf of Plaintiffs Individually and the Credit Card Statement Class)

46. Plaintiffs re-allege and incorporate the above allegations as if set forth fully herein.

47. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Credit Card Statement Class.

48. FDCPA § 808 makes it unlawful for debt collectors to use unfair or unconscionable means to collect or attempt to collect a debt.

49. Defendants have violated the provision by refusing to review bank and credit card statements as proof of payment and instead requiring an original receipt (something Defendants know few if any consumers would retain weeks or months later related to a $3.00 parking charge).

50. Plaintiffs, on behalf of themselves and the members of the Credit Card Statement Class, seeks declaratory judgment that Defendants' actions violate the FDCPA, the maximum statutory damages provided under the FDCPA, actual damages, plus costs and attorneys' fees.

## COUNT IV
### Violation of the CFDCPA, Colo. Rev. Stat. 5-16-101, *et. seq.*
### (On behalf of Plaintiffs Individually and the Colorado Subclass)

51. Plaintiffs re-allege and incorporate the above allegations as if set forth fully herein.

52. The conduct described above also violates sections 5-16-107, 5-16-108, and 5-16-109 of the Colorado Fair Debt Collection Practices Act.

53. Plaintiffs, on behalf of themselves and the members of the Colorado Subclass, seeks declaratory judgment that Defendants' actions violate the CFDCPA, the maximum statutory damages provided under the FDCPA, actual damages, plus costs and attorneys' fees, all pursuant to Colo. Rev. Stat. 5-16-113.

## PRAYER FOR RELIEF

**WHEREFORE,** in light of the foregoing, Plaintiffs, on behalf of themselves and Classes of all others similarly situated, respectfully pray that the Court enter an Order:

     a.     Certifying this action as a Class Action, appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

     b.     Entering judgment against Defendants and in favor of Plaintiffs and the Classes for actual, compensatory, and statutory damages as described herein on Counts I - IV in amounts to be proven at trial;

     c.     Awarding punitive damages against Defendants as permitted;

     d.     Awarding injunctive and declaratory relief;

     e.     Awarding Plaintiffs reasonable attorneys' fees and costs; and

     f.     Awarding such additional relief as the Court deems necessary and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be tried.

Dated: July 10, 2020                      Respectfully submitted,

                                          /s/ Patrick H. Peluso
                                         One of Plaintiffs' Attorneys

                                         Patrick H. Peluso
                                         ppeluso@woodrowpeluso.com
                                         Woodrow & Peluso, LLC
                                         3900 East Mexico Ave., Suite 300
                                         Denver, Colorado 80210
                                         Telephone: 720.213.0676

                                         *Attorneys for Plaintiffs and the Alleged Classes*